IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHARLES R. HOSACK, | § | |
|     Appellant, | § | CIVIL ACTION NO. |
| | § | 3:06-CV-1643-P |
| v. | § | (Bankr. Ct. No. 04-83467-sgj-7) |
| | § | (Adversary No. 06-03171-sgj) |
| INTERNAL REVENUE SERVICE, | § | |
|     Appellee. | § | |
| | § | |

**MEMORANDUM OPINION & ORDER**

Now before the Court is the Brief of Appellant Charles R. Hosack ("Appellant" or "Hosack"), filed on October 30, 2006. The Brief of Appellee Internal Revenue Service ("Appellee" or "IRS") was filed on December 20, 2006. No reply brief was filed. This is an appeal from a bankruptcy adversary proceeding before the Honorable Stacey G.C. Jernigan. Appellant seeks reversal of the Bankruptcy Court's August 3, 2006 order granting the Motion of the United States for Summary Judgment. For the reasons set forth below, the Court finds that the Bankruptcy Court's grant of summary judgment for the United States should be AFFIRMED.

**I.     RELEVANT FACTS AND PROCEDURAL BACKGROUND**

Hosack worked as a self-employed attorney between 1994 and 1998. (R. at 104, 154.) The IRS has no record that Hosack timely filed his tax returns for the years 1994, 1995, 1996, 1997, or 1998. (R. at 105, 154, 156.) As a result, the IRS prepared substitute returns under IRC § 6020(b) for Hosack for the years 1994, 1995, and 1996 on May 11, 1998. (*Id*.) On April 24,

1999, the IRS sent Hosack a letter asking him to provide records of his income for the years 1994, 1995, and 1996. (R. at 105, 106, 155.) On June 3, 1999, the IRS requested that Hosack bring financial records for the years 1994 through 1998 to a June 25, 1999 meeting. (R. at 155.) Hosack did not provide the requested tax returns at the meeting and the IRS found that Hosack's delay in filing was unreasonable. (*Id*.) Therefore, the IRS filed substitute returns for Hosack under IRC § 6020(b) for the years 1997 and 1998 on June 29, 1999. (*Id*.)

Hosack filed a Chapter 7 Bankruptcy petition on June 29, 1999 in the Eastern District of Texas. (R. at 106, 107, 208, 209.) On July 19, 1999, Hosack filed purported income tax returns for 1994, 1995, 1996, and 1997 based on his estimates from memory. (R. at 106.) Hosack asserts that he adequately kept financial and tax records for the years in question, but that these documents were produced in unrelated litigation and never returned to him. Hosack claims that these financial records are now in an archive from which he is unable to retrieve them. (*Id*.) The four estimated returns that Hosack filed show a taxable income of zero and make claims for substantial refunds. (R. at 155-156.) The IRS believed that Hosack's returns underreported his income, and therefore it proceeded with its examination. (R. at 155.) The 1999 bankruptcy case was voluntarily dismissed by Mr. Hosack on October 8, 1999 before any discharge was ordered. (R. at 107, 230, 231.)

On June 12, 2002, the IRS issued Hosack a Notice of Deficiency for the years 1994 through 1998. (R. at 107, 156.) On September 9, 2002, Hosack filed a petition in the United States Tax Court seeking redetermination of the proposed deficiencies for those years. (R. at 107, 156, 197-207.) A trial was scheduled for December 14, 2004. However, on December 13,

2004, Hosack filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Northern District of Texas (Case No. 04-83467-SAF-7). (R. at 107; 233.) The Tax Court case was stayed pending a determination in the bankruptcy court. In the 2004 bankruptcy, Hosack listed a $178,000 estimated claim owed to the IRS for the years 1993-1998 as a priority claim. (R. at 107, 235-236, 244; Supplemental R. at 43-50.) The IRS did not file any claims in the 2004 bankruptcy or otherwise participate in it. The 2004 bankruptcy case was concluded in the spring of 2005, with Bankruptcy Judge Steven A. Felsenthal determining it to be a no asset case and ordering a general discharge. (R. at 108.)

Upon termination of the bankruptcy case, the IRS moved forward with the 2002 Tax Court case. Hosack believes that his federal income tax debt for the years 1994 to 1998 were discharged by order of Judge Felsenthal in the spring of 2005. Thus, Hosack filed an adversary complaint with the bankruptcy court asking it to determine whether he was relieved of his federal income tax debt for 1994 through 1998 by Judge Felsenthal's Chapter 7 discharge order, and thus whether the IRS could proceed in the Tax Court action. (R. at 19-30; 105.) In the adversary proceeding, before Bankruptcy Judge Jernigan, the United States moved for summary judgment on the grounds that Hosack's federal income taxes for 1994 to 1998 were excepted from the Chapter 7 general discharge order under 11 U.S.C. § 523(a)(1)(A) ("§ 523(a)(1)(A) and 11 U.S.C. § 507(a)(8)(A)(iii) ( "§ 507(a)(8)(A)(iii)".) (R. at 139-249; Supplemental R. at 43-50.) On August 3, 2006, the Bankruptcy court issued an order entering summary judgment for the United States. (R. at 103-115.) The bankruptcy court agreed with the United States' position that the 1994 to 1998 tax debt was not discharged in the 2004 bankruptcy case, and determined

that the IRS could go forward in the Tax Court case to determine the amount of Hosack's tax debt for those years. Hosack filed a notice of appeal on August 8, 2006. (R. at 116.)

## II.   STANDARD OF REVIEW

When reviewing a bankruptcy court's decision in a "core proceeding," the district court functions as an appellate court and applies the standard of review generally applied by a federal appellate court. *Matter of Webb*, 954 F.2d 1102, 1104-04 (5th Cir. 1992.) A trial court's grant of summary judgment is reviewed *de novo*. *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994.) A motion for summary judgment should be granted only where competent evidence establishes the absence of a genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986). A defendant moving for summary judgment must affirmatively demonstrate that there is no genuine issue of material fact concerning each element of the plaintiff's claims for relief. *See id*. at 323. An issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). This court is required to resolve all reasonable doubts and draw all reasonable inferences in favor of the non-movant, and then determine whether the movant is entitled to judgment as a matter of law. *See Wells v. General Motors Corp.*, 881 F.2d 166, 169 (5th Cir.1989)**,** *cert. denied*, 495 U.S. 923 (1990).

## III.   ANALYSIS

Appellant asserts four points of error by the bankruptcy court. First, Hosack argues that the Bankruptcy Court relied on inappropriate statutory provisions in making its ruling. Second,

Appellant argues that summary judgment should not have been granted due to nine unresolved fact issues. The third and fourth alleged errors are that the Bankruptcy Court was biased against Appellant and did not fairly and impartially consider his arguments and the applicable law, but instead rushed to make judgment against him.

### A.    Bankruptcy Court's Interpretation and Application of Statutory Provisions

Appellant argues that Judge Felsenthal's discharge order in the 2004 bankruptcy case under 11 § U.S.C. § 727 discharges Appellant from any liability for tax debts from the years 1994 to 1998. The Bankruptcy Court found that Hosack's tax debt was not discharged by the bankruptcy discharge in the spring of 2005 and granted summary judgment against Hosack in reliance on a handful of statutory provisions in the Bankruptcy Code and Internal Revenue Code.

The Bankruptcy Court cites 11 U.S.C. § 523[1], which provides,

(a)  A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
  (1)  for a tax or a customs duty –
    (A)  of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

11 U.S.C. § 507 (2005) (*amended by* 11 U.S.C. § 507 (Apr. 20 2005)) provides, in relevant part,

(a)  The following expenses and claim have priority in the following order:
. . .

---

[1] The Bankruptcy Court states that it is "citing the statute as it was numbered and worded prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ('BAPCA')" since the 2004 bankruptcy case which has been reopened in this action was filed before the BAPCA provisions became effective on October 17, 2005. The Bankruptcy Court notes that, regardless of which provision is applied, the result is unaffected.

**Memorandum Opinion & Order**
**3:06-CV-1643-P**
**Page 5 of 15**

> (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for –
>
> > (A) a tax on or measured by income or gross receipts–
> >
> > > (i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
> > >
> > > (ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or
> > >
> > > (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(c) of this title, not assessed before, but assessable under applicable law or by agreement, after, the commencement of the case.

The Bankruptcy Court primarily relied on §§ 523(a)(1)(A) and 507(a)(8)(A)(iii) to determine that Hosack's tax debt for the years 1994 to 1998 had not been discharged by Judge Felsenthal's discharge order in the spring of 2005. Specifically, Judge Jernigan found that the tax debt at issue was excepted from discharge under § 507(a)(8)(A)(iii) because it was not assessed before, but assessable after the commencement of the bankruptcy case.

### 1.   Appellant's Contention Regarding the Applicability of § 507(a)(8)(A)(iii)

Appellant contends that the Bankruptcy Court's application of the statutory provisions discussed above is erroneous. Specifically, Appellant believes the IRS could not avail itself of § 507(a)(8)(A)(iii) because it did not meet the requirements of § 507(a)(8)(A)(i). In connection with § 523(a)(1)(A), § 507(a)(8)(A)(i) excepts from discharge tax liabilities that are less than three years old. Appellant argues that taxes owed from 1994 to1998 were more than three years old at all relevant times, and thus were nonpriority and not entitled to exception from the

bankruptcy discharge in the spring of 2005.  Appellant reads § 507(a)(8)(A) conjunctively, requiring the government to meet subsections (i) and (iii) in order for the tax debt to be excepted from discharge.  According to Appellant, because there is no exception for the tax debt owed to the IRS, it was discharged by Judge Felsenthal's order in the 2004 bankruptcy case.  Since the IRS never filed a claim during the pendency of the bankruptcy case, Hosack claims that it has no surviving claim against him for tax debt stemming from the years 1994 to 1998.

Appellant's interpretation of the statutory provisions at issue is not correct.  Appellant has not cited any authority for the proposition that the subsections of § 507(a)(8)(A) should be read conjunctively so that the requirements of both subsections (i) and (iii) must be met in order for a tax debt to be excepted from discharge.  Instead, the language of § 507(a)(8)(A) is disjunctive: the word "or" appears between subsections (ii) and (iii).  This "or" helps establish that the section is disjunctive, allowing a tax debt that fits under any one of the three subsections to be considered priority debt.  *See generally In Re Mutchler*, 95 B.R. 748, 756 (Bankr. D. Mont. 1989) (quoting *Wilcox v. Warren Construction Co.* 95 Or. 125, 141 (1919)) ("It is common learning as a matter of grammar that when in an enumeration of persons or things the conjunction is placed immediately before the last of the series the same connective is understood between the previous members.").

The case law affirms the reading of the statute as disjunctive, allowing a tax debt to be excepted from discharge when it meets the requirements of any one of the three subsections.  *See United States v. Richards (In Re Richards)*, 994 F.2d 763, 165 (10th Cir. 1993) (discussing the predecessor statute of § 507(a)(8)(A); *In Re Harrell*, 318 B.R. 692, 693 (Bankr. E.D. Ark. 2005);

*In Re Wood*, 78 B.R. 316, 319 (Bankr. M.D. Fla. 1987) (discussing predecessor statute); *In Re Easton*, 59 B.R. 714, 716- 718 (Bankr. C.D. Ill. 1986) (discussing predecessor statute); *see also In Re Carney*, 258 F.3d 415, 417, 418 (5th Cir. 2001) (stating that summary judgment is appropriate based exclusively on § 507(a)(8)(A)(iii)). The Bankruptcy Court was correct in its interpretation of the statute. Meeting the requirements of § 507(a)(8)(A)(iii) alone is sufficient to establish a debt as a priority debt excepted from a general discharge. The United States was not required to meet the conditions of subsection (i) to avail itself of subsection (iii). Section 507(a)(8)(A)(iii) is an appropriate basis for the grant of summary judgment.

## 2.    **Appellant's Contention Regarding Whether the Taxes are Assessable**

When connected with § 523(a)(1)(A), section 507(a)(8)(A)(iii) provides an exception from discharge for taxes "not assessed before, but assessable under applicable law or by agreement, after, the commencement of the case." Both parties have acknowledged, in the bankruptcy proceeding and in this appeal, that the taxes for 1994 to 1998 had not been assessed at the time of the filing of the 2004 bankruptcy or any time thereafter. (R. at 107; Appellant Br. 11; Appellee Br. 5.) Appellant contends that the IRS does not meet the standard to be excepted from bankruptcy discharge under § 507(a)(8)(A)(iii) because the taxes for years 1994 through 1998 are not assessable in the future due to the statute of limitations. Appellant states that this court should not view future assessment of tax liability as "a sure thing." (Appellant Br. at 34.) Appellant cites 26 U.S.C. § 6501(a), which states in relevant part,

> Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed.

26 U.S.C §§ 6213(a) and 6215(a) discuss the IRS procedures for the assessment of taxes when a Tax Court case is filed. Section 6213(a) describes that a taxpayer may petition the Tax Court for a redetermination of a deficiency within 90 days after a notice of a tax deficiency is mailed, and prohibits an assessment of deficiency until the decision of the Tax Court is finalized. Section 6215(a) describes the process for an assessment to be made after the Tax Court has finally determined the deficiency.

The Bankruptcy Court, in granting summary judgment, relied on §§ 6213(a) and 6215(a) to determine that, "as a matter of law, the taxes could not have been assessed as of the commencement of the 2004 bankruptcy case, but were still assessable by virtue of: (a) the Debtor having commenced a United States Tax Court proceeding on September 9, 2002, within 90 days of the Notice of Tax Deficiencies (June 12, 2002); and (b) the Tax Court proceeding not yet having been finally resolved."  (R. at 111-112.)  Section 6213(a) prohibits the assessment of tax deficiencies until after a Tax Court decision is finalized and § 6215(a) allows an assessment of deficiency upon the Tax Court's final determination of a deficiency. These provisions of the Internal Revenue Code support Bankruptcy Judge Jernigan's determination that while the Tax Court action initiated by Hosack was pending, a deficiency could not yet be assessed, but was assessable in the future upon conclusion of the case.

Appellant's insistence on the applicability of the "three year rule" is unpersuasive. First, his argument runs the statute of limitations from the year in which the taxes were owed, and not from the date in which the return was filed as required by § 6501(a). (See Appellant Br. 33.) Second, Hosack fails to acknowledge that the reason the taxes have not been assessed is his filing

of the 2002 Tax Court case. Hosack has provided no evidence to suggest that the Notice of Deficiency was not timely issued by the IRS.[2] Hosack initiated the Tax Court case in response to the Notice of Deficiency, and Hosack initiated the 2004 bankruptcy that stayed the Tax Court case. The fact that so much time has passed is due to the legal proceedings the Appellant has undertaken. Appellant makes no convincing arguments or factual assertions as to why the statute of limitations bars the IRS claims, but instead merely refers to the "three year rule" and makes conclusory statements. While Appellant cites numerous cases, none support his interpretation of the "three year rule" of § 6501(a).[3] The United States showed, and the Bankruptcy Court properly found, that the taxes for the relevant years were still assessable due to the pendency of the Tax Court action. The Appellant has provided no basis for a court to find otherwise.

### 3.    IRS's Failure to File a Proof of Claim or Act in the Bankruptcy Case

Appellant states that the IRS never filed a proof of claim, and generally failed to take action to protect its rights and achieve priority status for its debts in the 2004 bankruptcy proceeding. On the basis of 11 U.S.C § 523(c)(1) the Bankruptcy Court determined it was not necessary for the IRS to take action to protect its rights. Section 523(c)(1) provides,

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from

---

[2] Appellant attempts to dispute the delivery of the notice of deficiency, but has failed to provide any evidence in support of this, nor does he suggest that he did not have adequate notice from the IRS of its belief that tax deficiencies existed in his case. (Appellant Br. 25.)

[3] Appellant cites: *In Re Groetken*, 843 Fed. 2d (7th Cir. 1989); *In Re D'Avanza*, 101 B.R. 787 (Bankr. M.D. Fla. 1989); *In Re Wood*, 78 B.R.316 (Bankr. M.D. Fla. 1987). None of these cases refer to 26 U.S.C. § 6501 or a predecessor statute, but instead refer to other statutory provisions.

>discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

The Bankruptcy Court states that in cases where the debt falls under § 523(a)(2), (4), or (6), a creditor must "take proactive action" in order for the debt to be excepted from discharge. The Bankruptcy Court reasoned that a debt described in § 523 (a)(1) would not, by logical implication, require the creditor to take proactive action in the bankruptcy proceeding to have his debt excepted from discharge. Appellant disputes the Bankruptcy Court's statutory interpretation and believes it to be erroneous.

The Court must affirm the Bankruptcy Court's analysis. Considering § 523 as a whole, it does not appear that the debts described in § 523(a)(1) are preserved only where a creditor takes proactive action in the bankruptcy proceeding, as this requirement is only mentioned in connection with other provisions. A logical interpretation of the statute is that no action on the part of a creditor is required for debts under § 523(a)(1) to avoid being discharged in a general discharge order. Appellant's statutory interpretation is contrary to the language of the statute, and Appellant provides no authority to support his contention.

As the IRS was not required to file anything in the bankruptcy case to preserve its rights to collect tax debts from Hosack, the failure to file a proof of claim or otherwise intervene in the bankruptcy case does not preclude the United States from proceeding with the Tax Court case or from eventually making an assessment. Under § § 523(a)(1), 523(c), and 507(a)(8)(A)(iii), the IRS claim was automatically excepted from discharge. The IRS has successfully shown that Hosack's tax debt was not part of the Bankruptcy discharge. The IRS is not making a late claim in bankruptcy or trying to attack the discharge, but rather, arguing that the bankruptcy discharge

never applied to Hosack's tax debt. Appellant's arguments throughout his brief that it is too late to make claims in the bankruptcy case or attack the discharge are unavailing. No proof of claim or participation in the bankruptcy was necessary to avoid discharge of the tax debt. Therefore, the grant of summary judgment for the United States was not inappropriate on this ground.

### B. Bankruptcy Court's Alleged Failure to Properly Resolve Factual Issues

The Appellant argues that nine unresolved (or improperly resolved) fact issues make the grant of summary judgment erroneous. (Appellant Br. 35-37.) They are summarized as follows:

1. The Bankruptcy court erred in stating that Appellant worked as a CPA and specialized in bankruptcy or tax law. Appellant denies this and asserts that he had a general law practice.
2. The Bankruptcy court erred in stating that the date of the Bankruptcy discharge was March 17, 2005. Appellant believes the discharge date to be April 7, 2005.
3. The Bankruptcy court erred in believing that the IRS has always pursued Appellant for the tax returns of 1997 and 1998.
4. The Bankruptcy court's chronology of the IRS audit and filing of the substitute tax returns was erroneous.
5. The Bankruptcy court did not resolve whether Appellant filed a 1998 tax return. Appellant believes the IRS did not use his estimated tax returns filed in 1999, and instead relied exclusively on their own later-generated substituted tax returns. Appellant asserts that he did file a 1998 tax return. The bankruptcy court stated that there was a fact issue as to this, and did not resolve the dispute because it was peripheral to its holding.
6. The Bankruptcy Court failed to recognize that acknowledgments as to the IRS's receipt of the tax estimates for years 1994-1997 were received from the IRS Memphis office but not from the Austin office.
7. Appellant could not controvert the allegations of the IRS at the bankruptcy hearing before Judge Jernigan because he did not have copies of his 1994-1998 estimated tax returns. The bankruptcy court became increasingly indisposed to agree with Appellant's arguments as a result.
8. The Bankruptcy Court wrongfully believed that Hosack's 1999 bankruptcy case was related to troubles with the IRS. Appellant contends the 1999 bankruptcy was related to his divorce.
9. The Bankruptcy Court failed to appreciate that Appellant mistakenly listed the 1994 to 1998 tax debt as priority debt in the 2004 bankruptcy petition. Appellant

argues that the debt is non-priority, so the Court should ignore this error and treat the tax debt as non-priority.

While Appellant may dispute these factual findings, or failure to make findings, they are largely irrelevant to the Bankruptcy Court's reasoning in granting summary judgment in favor of the United States. Appellant has not suggested how these "unresolved fact issues" affected the reasoning of the court and why accepting Appellant's arguments would change the final result of the case. Summary judgment is improper where material facts are in dispute, but the facts listed here are immaterial because they do not affect the outcome.

Alleged errors numbers 1, 2, 3, 4, and 8 are largely irrelevant to the granting of summary judgment, even if Appellant's position is accepted as true. As to alleged error number 5, Judge Jernigan's August 2006 opinion specifically states that the issue of whether the 1998 tax return was filed is not central to her final conclusion. (R. at 113.) Alleged error number 6 is related to number 5. Alleged error number 7 does not appear to be an error on the part of the Bankruptcy Court. Appellant fails to explain how having copies of his estimated tax returns at the hearing would have affected the motion for summary judgment. Alleged error number 9 involves a statement the Bankruptcy Court wrote in its opinion that Hosack may be judicially estopped from asserting that the tax debt was non-priority in light of his 2004 bankruptcy petition which says otherwise. The Bankruptcy Court specifically states that the legal doctrine is "not critical in any way to its ruling." (R. at 113.) Judge Jernigan did not (and neither does this court) rely on Hosack's bankruptcy petition to determine the debt was priority debt entitled to exception from discharge under § 507(a)(8)(A)(iii). Accepting Appellant's arguments do not affect the outcome

of the case. None of the unresolved factual issues raised by Appellant bear on the appropriateness of granting summary judgment in favor of the United States.

### C. Bankruptcy Court's Alleged Bias Against Appellant

Appellant has alleged that the Bankruptcy Court was prejudiced against his position, and that this pre-determined bias prevented Appellant from having a fair opportunity to present his case. Appellant states that even before he spoke during the bankruptcy hearing, the Bankruptcy Court had essentially already ruled against him. Appellant has not presented any facts or cited to anywhere in the record that would suggest that Judge Jernigan had personal bias against him or in favor of the IRS. Appellant has presented no facts to suggest that the Bankruptcy Court gave him less than a fair opportunity to present his case. In fact, the Memorandum Opinion and Order Granting Motion of the United States for Summary Judgment, signed on August 3, 2006, suggest that Judge Jernigan carefully considered the issues. From reading the transcript of the July 31, 2006 hearing before Judge Jernigan on the United States' Motion for Summary Judgment, the Court finds no evidence that the Bankruptcy Court was in any way prejudiced against Mr. Hosack or failed to allow him a fair opportunity to present his case. (Supplemental R. at 1-42.) Rather, the transcript tends to show Appellant had ample opportunity to be heard and that Judge Jernigan was receptive to hearing and considering his arguments, if not inclined to eventually accept them.[4] The fact that the Bankruptcy Court did not agree with Appellant, did not give as

---

[4] For instance, Judge Jernigan accepted supplemental briefing on the day of the hearing. (Supplemental R. at 4, 5.) Judge Jernigan asked Mr. Hosack relevant questions about statutory interpretation. (*Id*. at 16-19.) Mr. Hosack had ample opportunity to speak throughout the hearing. Apart from conclusory assertions, Appellant provides no evidence of any bias or prejudice on the part of Judge Jernigan.

much weight to his arguments as he would have liked, or ruled against him does not suggest that the Court was prejudiced against Appellant.

    **D.**    **Motion to Stay Pending Appeal**

The Bankruptcy Court denied Appellant's oral motion at the hearing on the motion for summary judgment requesting a stay of the Bankruptcy Court's order pending appeal. The Bankruptcy Court found that Appellant did not show a likelihood of success on the merits as it found the legal and factual issues to be straightforward. It also believed Hosack did not make an adequate showing that he would suffer irreparable harm if a stay was not entered since no assessment or collection activities were currently being pursued by the IRS against him. The Bankruptcy Court's ruling on the motion to stay pending appeal was correct from the record before the Court because Appellant did not make the requisite showings.

**IV.**    **CONCLUSION**

For the foregoing reasons, the entry of summary judgment against Appellant by the Bankruptcy Court is hereby AFFIRMED.

    **IT IS SO ORDERED.**

Signed this 30th day of March 2007.

                                                   JORGE A. SOLIS
                                                   UNITED STATES DISTRICT JUDGE